UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RALPH RAGGO,

               Plaintiff,

    v.

UNIVERSITY OF ROCHESTER MEDICAL
CENTER,

               Defendant.

_____

**ORDER**

14-cv-06107 EAW

Plaintiff Ralph Raggo commenced the above-captioned matter on or about March 5, 2014, purporting to allege claims of discrimination in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  I was assigned to preside over the matter by the Clerk of the Court.  I was previously a partner with The Wolford Law Firm LLP until assuming my current position on December 30, 2013.  As a partner with The Wolford Law Firm LLP and up until the time that I assumed my current position, I regularly represented defendant University of Rochester Medical Center ("URMC"), including with regard to claims of discrimination.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The norm among new appointees to the bench is that two years should pass before the

judge sits in controversies involving former clients.  <u>Sphere Drake Ins. Ltd. v. All Am.</u>

<u>Life Ins. Co.</u>, 307 F.3d 617, 621-22 (7th Cir. 2002).

Given my recent prior representation of URMC, I believe that my impartiality might reasonably be questioned and, therefore, recusal is required pursuant to 28 U.S.C. § 455(a).  Accordingly, I will recuse myself from handling the above-captioned matter and the case shall be referred to the Clerk of the Court for reassignment.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 6, 2014
       Rochester, New York